E-FILED
Wednesday, 29 September, 2004  11:01:57 AM
Clerk, U.S. District Court, ILCD



FILED
SEP 2 8 2004

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

STEPHANIE MILLER,            )
                             )
    Plaintiff,                )
                             )
vs.                          ) No. 04-4065
                             )
BLACKSTONE CONSULTING, INC., )
                             )
    Defendant.                )
                             )

## COMPLAINT

Now comes Stephanie Miller, plaintiff, by her attorneys, Katz, Huntoon & Fieweger, P.C., and for her Complaint against defendant Blackstone Consulting, Inc. states as follows:

### COUNT I - SEXUAL HARASSMENT

1. Stephanie Miller is a resident of Indiana, but at all material times hereto was a resident of Rock Island County, Illinois.

2. Blackstone Consulting, Inc. is a foreign corporation doing business in the State of Illinois and the City of Rock Island, and has continuously had at least 15 employees.

3. The jurisdiction of this court is invoked pursuant to Title 28 U.S.C. §§ 1331 and 1343.

4. This action arises under the provisions of the Civil Rights Act of 1964, as amended and codified at Title 42 U.S.C. § 2000e, *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) (hereinafter collectively referred to as "Title VII"), for injunctive relief, reinstatement, damages, including; back pay, front pay, recovery of loss of benefits, emotional and mental distress, punitive damages, and such other relief to redress the deprivation of rights

secured to the plaintiff. (This action also arises under provisions of Title 42 U.S.C.§ 1983 and the Due Process and Equal Protection of the United States Constitution.)

5. All conditions precedent to jurisdiction under 42 U.S.C.§ 2000e-5 have been complied with in this case. A charge of sexual harassment was filed against Blackstone Consulting, Inc. ("BCI") with both the Illinois Department of Human Rights and Equal Employment Opportunity Commission on or about December 29, 2003. Thereafter, the Equal Employment Opportunity Commission issued a Notification of a Right to Sue on August 12, 2004, a copy of which is attached hereto as Exhibit 1. This action is commenced within 90 days of receipt of said notification.

6. All acts alleged occurred within the Central District of Illinois.

7. Plaintiff, Stephanie Miller ("Miller") is a female born May 7, 1970, who began her employment as a janitor at Blackstone Consulting, Inc., on or about April of 2003.

8. At all times material Miller was intentionally subjected to employment actions which were not free from gender bias, harassment, and retaliation, thus resulting in her equal employment opportunities being adversely affected

9. From the second week of May 2003 until she received her own route in September 2003, Miller was subjected to sexual harassment and a hostile work environment in her place of employment, BCI at the Rock Island Arsenal.

10. Prior to receiving her own cleaning route, Miller substituted for co-worker Warren Hall ("Hall"). When substituting for Hall, Miller was required to and expected to use the janitorial closet for supplies and storage nearest to her route areas.

3

11. During the second week of May 2003 while on Hall's route she opened the janitorial closet used on Hall's route and she saw a wall of pictures of naked women. Most of the pictures were of morbidly obese women in sexually provocative poses. Handwritten on the picture wall were the words, "All-Spiced-Up."

12. Miller complained to the night supervisor, John Wylie ("Wylie"), telling him it was a form of sexual harassment, gross, offensive, embarrassing and that she found nothing funny about the pictures. Further she informed Wylie that she felt that it was a direct insult to her since she was a plus-size black woman.

13. Wylie told Miller that he would talk to Hall about the situation, however, nothing was done.

14. A few days after making a complaint to Wylie, nothing had changed so Miller confronted Hall herself. Miller told Hall that the pictures were offensive and embarrassing since she was a large black woman.

15. In June and July of 2003, Miller regularly substituted for Hall, and she noticed that the pictures in the janitorial closet were becoming more numerous and more graphic. The pictures were of women's breasts, women grabbing their genitals, obese naked women, and provocative pictures of Pamela Anderson. Additionally there was a "Top Ten" list of degrading comments about women. There were also more words on the door referencing "sucking dick" and "bitches."

16. Since Miller's first two attempts to stop this behavior were unsuccessful, Miller again complained to Wylie. Miller received no response and the pictures remained up.

4

17. Blackstone Consulting, Inc. failed and refused to take affirmative action to correct the affects of discriminatory personnel action complained herein.

18. Miller is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until the court grants relief.

19. As a direct and proximate result of defendant's wrongful actions, Miller has suffered lost wages and benefits, both in the past and in the future, emotional and mental distress, and has incurred and will incur attorneys' fees, costs and expenses.

## COUNT II - RETALIATORY DISCHARGE

1 - 17. Plaintiff repeats and realleges paragraphs 1 through 17 of Count I as paragraphs 1 through 17 of Count II as if fully set forth herein.

18. BCI terminated Miller on November 20, 2003 in retaliation for her complaints of sexual harassment.

19. The effect of the actions described above have been to deprive Miller of equal employment opportunities, and to otherwise adversely affect her status as an employee

20. Miller is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until the court grants relief.

21. As a direct and proximate result of defendant's wrongful actions, Miller has suffered lost wages and benefits, both in the past and in the future, emotional and mental distress, and has incurred and will incur attorneys' fees, costs and expenses.

5

WHEREFORE, Stephanie Miller requests judgment be entered in her favor and against Blackstone Consulting, Inc. for lost wages and benefits in the past, present and future, emotional distress, pain and suffering, attorneys' fees and costs, prejudgment interest, punitive or exemplary damages, <u>equitable relief</u> of reinstatement or front pay, and such other and further relief as is just and equitable.

                                              STEPHANIE MILLER,
                                              Plaintiff

                                            By: _____
                                                 John F. Doak

For:
KATZ, HUNTOON & FIEWEGER, P.C.
Attorneys for Plaintiff
200 Plaza Office Building
P.O. Box 3250
Rock Island, IL 61204-3250
Telephone: 309-788-5661
Fax: 309-788-5688
S:\JFD\MillerS\complaint.doc

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Ms. Stephanie Miller<br>1200 - 16th Street<br>Rock Island, Illinois 61201 | From: | Equal Employment Opportunity Commission<br>Chicago District Office<br>500 West Madison Street<br>Suite 2800<br>Chicago, Illinois 60661-2511 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21BA400497 | Nola Smith, State/Local Coordinator | (312) 886-5973 |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*
John P. Rowe, District Director          (Date Mailed)

Enclosure(s)

cc:   **Blackstone Consulting, Incorporated**



EXHIBIT 1

| JS 44 | | | | |
|---|---|---|---|---|
| (Rev. 12/96) | | CIVIL COVER SHEET | | |

4:04-cv-04065-JAG    # 1

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
STEPHANIE MILLER,

## DEFENDANTS
BLACKSTONE CONSULTING, INC.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Rock Island
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Rock Island
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
John F. Doak
Katz, Huntoon & Fieweger, P.C.
1705 - 2nd Avenue
Rock Island, IL 61201 (309) 788-5661

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION  (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | HABEAS CORPUS: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. § 2000e and 42 U.S.C. § 1981(a)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 7-28-04
SIGNATURE OF ATTORNEY OF RECORD  /s/ John F. Doak

FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____