E-FILED
Monday, 29 November, 2004 11:27:12 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| STEPHANIE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-4065 |
| | ) |
| BLACKSTONE CONSULTING, INC., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Blackstone Consulting, Inc., by and through its attorneys, Laner, Muchin, Dombrow, Becker, Levin and Tominberg, Ltd., hereby submits its Answer to Plaintiff's Complaint:

### COUNT I -- SEXUAL HARASSMENT

**PARAGRAPH NO. 1:**

Stephanie Miller is a resident of Indiana, but at all material times hereto was a resident of Rock Island County, Illinois.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

**PARAGRAPH NO. 2:**

Blackstone Consulting, Inc. is a foreign corporation doing business in the State of Illinois on the Rock Island Arsenal, and has continuously had at least 15 employees.

**ANSWER:**

Defendant denies that it is currently doing business on the Rock Island Arsenal and that it employs at least 15 employees on the Rock Island Arsenal. Defendant admits that it is a foreign

corporation doing business in the State of Illinois and that it employs 15 or more employees nationally.

**PARAGRAPH NO. 3:**

The jurisdiction of this court is invoked pursuant to Title 28 U.S.C. §§1331 and 1343.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 3, but denies that it has engaged in any unlawful conduct.

**PARAGRAPH NO. 4:**

This action arises under the provisions of the Civil Rights Act of 1964, as amended and codified at Title 42 U.S.C. §2000e, *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981(a) (hereinafter collectively referred to as "Title VII"), for injunctive relief, reinstatement, damages, including: back pay, front pay, recovery of loss of benefits, emotional and mental distress, punitive damages, and such other relief to redress the deprivation of rights secured to the plaintiff. (This action also arises under provisions of Title 42 U.S.C. §1983 and the Due Process and Equal Protection of the United States Constitution.)

**ANSWER:**

Defendant denies that Plaintiff is bringing an action under 42 U.S.C. §1983 and the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution. By way of further answer, Defendant states that Plaintiff's counsel has represented to Defendant's counsel that the reference to §1983 and the Due Process and Equal Protection clauses in this Paragraph was an inadvertent error, and that Plaintiff is not suing Defendant under these provisions. Defendant admits that Plaintiff is bringing this action pursuant to the remaining statutes referenced in Paragraph 4 and, for this reason, Defendant admits the remaining allegations contained in Paragraph 4. Defendant denies that it has engaged in any unlawful conduct, and denies that Plaintiff is entitled to any relief or judgment in her favor.

**PARAGRAPH NO. 5:**

All conditions precedent to jurisdiction under 42 U.S.C. §2000e-5 have been complied with in this case. A charge of sexual harassment was filed against Blackstone Consulting, Inc.

("BCI") with both the Illinois Department of Human Rights and Equal Employment Opportunity Commission on or about December 29, 2003. Thereafter, the Equal Employment Opportunity Commission issued a Notification of a Right to Sue on August 12, 2004, a copy of which is attached as Exhibit 1. This action is commenced within 90 days of receipt of said notification.

**ANSWER:**

Defendant denies that Plaintiff filed a charge of discrimination against Blackstone Consulting, Inc. with the Illinois Department of Human Rights and/or the Equal Employment Opportunity Commission on or about December 29, 2003. By way of further answer, Defendant states that Plaintiff's charge of discrimination was filed with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission on or about November 18, 2003. Defendant admits the remaining allegations contained in Paragraph 5, but denies that it has engaged in any unlawful conduct.

**PARAGRAPH NO. 6:**

All acts alleged occurred within the Central District of Illinois.

**ANSWER:**

Defendant admits that Plaintiff alleges that the acts that form the basis for the Complaint occurred in the Central District of Illinois, but denies that it engaged in the acts alleged, and further denies that it has engaged in any unlawful conduct.

**PARAGRAPH NO. 7:**

Plaintiff, Stephanie Miller ("Miller") is a female born May 7, 1970, who began her employment as a janitor at Blackstone Consulting, Inc., on or about April of 2003.

**ANSWER:**

Defendant admits that Plaintiff began her employment as a janitor at Blackstone Consulting in or about April 2003, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

**PARAGRAPH NO. 8:**

At all times material Miller was intentionally subjected to employment actions which were not free from gender bias, harassment, and retaliation, thus resulting in her equal employment opportunities being adversely affected.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 8.

**PARAGRAPH NO. 9:**

From the second week of May 2003 until she received her own route in September 2003, Miller was subjected to sexual harassment and a hostile work environment in her place of employment, BCI at the Rock Island Arsenal.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 9.

**PARAGRAPH NO. 10:**

Prior to receiving her own cleaning route, Miller substituted for co-worker Warren Hall ("Hall"). When substituting for Hall, Miller was required to and expected to use the janitorial closet for supplies and storage nearest her route areas.

**ANSWER:**

Defendant admits that, prior to receiving her own route, Plaintiff occasionally substituted for co-worker Warren Hall on a very limited basis, but denies the remaining allegations contained in Paragraph 10. By way of further answer, Defendant maintained multiple other janitorial closets that were available for Plaintiff's use.

**PARAGRAPH NO. 11:**

During the second week of May 2003 while on Hall's route she opened the janitorial closet used on Hall's route and she saw a wall of pictures of naked women. Most of the pictures were of morbidly obese women in sexually provocative poses. Handwritten on the picture wall were the words, "All-Spiced-Up."

**ANSWER:**

Defendant denies the allegations contained in Paragraph 11.

**PARAGRAPH NO. 12:**

Miller complained to the night supervisor, John Wylie ("Wylie"), telling him it was a form of sexual harassment, gross, offensive, embarrassing and that she found nothing funny about the pictures. Further she informed Wylie that she felt that it was a direct insult to her since she was a plus-size black woman.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 12.

**PARAGRAPH NO. 13:**

Wylie told Miller that he would talk to Hall about the situation, however, nothing was done.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 13.

**PARAGRAPH NO. 14:**

A few days after making a complaint to Wylie, nothing had changed so Miller confronted Hall herself. Miller told Hall that the pictures were offensive and embarrassing since she was a large black woman.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 14.

**PARAGRAPH NO. 15:**

In June and July of 2003, Miller regularly substituted for Hall, and she noticed that the pictures in the janitorial closet were becoming more numerous and more graphic. The pictures were of women's breasts, women grabbing their genitals, obese naked women, and provocative pictures of Pamela Anderson. Additionally there was a "Top Ten" list of degrading comments about women. There were also more words on the door referenced "sucking dick" and "bitches."

**ANSWER:**

Defendant denies the allegations contained in Paragraph 15.

**PARAGRAPH NO. 16:**

Since Miller's first two attempts to stop this behavior were unsuccessful, Miller again complained to Wylie. Miller received no response and the pictures remained up.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 16.

**PARAGRAPH NO. 17:**

Blackstone Consulting, Inc. failed and refused to take affirmative action to correct the affects of discriminatory personnel action complained herein.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 17.

**PARAGRAPH NO. 18:**

Miller is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until the court grants relief.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 18.

**PARAGRAPH NO. 19:**

As a direct and proximate result of defendant's wrongful actions, Miller has suffered lost wages and benefits, both in the past and in the future, emotional and mental distress, and has incurred and incur attorneys' fees, costs and expenses.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 19.

## COUNT II -- RETALIATION DISCHARGE

**PARAGRAPH NO. 1-17:**

Plaintiff repeats paragraphs 1 through 17 of Count I as paragraphs 1 through 22 [sic] of Count II herein.

**ANSWER:**

Defendant repeats its answers to Paragraph 1 through 17 of Count I as its answers to Paragraphs 1 through 17 of Count II herein.

6

**PARAGRAPH NO. 18:**

BCI terminated Miller on November 20, 2003 in retaliation for her complaints of sexual harassment.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 18.

**PARAGRAPH NO. 19:**

The effect of the actions described above have been to deprive Miller of equal employment opportunities, and to otherwise adversely affect her status as an employee.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 19.

**PARAGRAPH NO. 20:**

Miller is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until the court grants relief.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 20.

**PARAGRAPH NO. 21:**

As a direct and proximate result of defendant's wrongful actions, Miller has suffered lost wages and benefits, both in the past and in the future, emotional and mental distress, and has incurred and will incur attorneys' fees, costs and expenses.

**ANSWER:**

Defendant denies the allegations contained in Paragraph 21.

## AFFIRMATIVE DEFENSES

1. With respect to claims for monetary relief, Defendant is entitled to a set-off from any liability for sums earned by Plaintiff since her termination.

2. Plaintiff is obligated to mitigate her alleged damages with respect to claims for monetary relief. Those claims should be barred or, in the alternative, reduced if Plaintiff has failed to mitigate her damages.

3. Plaintiff is not entitled to recover punitive damages as alleged in her Complaint because Defendant cannot be vicariously liable for the alleged discriminatory employment decisions of its agents since those decisions, if any, were contrary to Defendant's good-faith efforts to comply with Title VII of the Civil Rights Act of 1964, as amended.

4. Defendant exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

5. Plaintiff is precluded from recovering for any discriminatory acts alleged to have occurred more than 300 days prior to the filing of her Charge of Discrimination.

6. The alleged sexually harassing conduct was not sufficiently severe or pervasive enough so as to alter the terms and conditions of Plaintiff's employment.

7. The alleged sexually harassing conduct was not unwelcome.

8. Even if Plaintiff can prove that she was discharged on the basis of her sex in violation under 42 U.S.C. §2000e-2(m), which she cannot, the Company would have taken the same action in the absence of the alleged impermissible motivating factor. Therefore, under 42 U.S.C. §2000e-5(g)(2)(B)(ii) the Court shall not award damages or issue an order requiring any admission, reinstatement, hiring, promotion or payment.

9. Even if Plaintiff can prove that she was retaliated against in violation of 42 U.S.C. §2000e et seq., which she cannot, the Company would have taken the same action in the absence of the alleged impermissible motivating factor. Therefore, Plaintiff is not entitled to any relief or judgment in her favor.

10. Plaintiff's claims are barred to the extent that they are beyond the scope of her EEOC Charge of Discrimination.

11. Defendant was behaving purely as a private actor at the time of the conduct alleged in Plaintiff's Complaint, and that behavior may not be treated as that of the state itself. Therefore, Defendant cannot be held liable for the conduct complained of under 42 U.S.C. §1983.

12. Plaintiff cannot demonstrate that sexual harassment is the policy or custom of Defendant, and therefore Defendant cannot be held liable under §1983.

13. Pursuant to 42 U.S.C. §1981a(c), a complaining party is entitled to a jury trial if she seeks compensatory or punitive damages. Because Defendants acted in good faith under 42 U.S.C. §1981a(a)(3), and therefore, Plaintiff cannot recover compensatory or punitive damages, Plaintiff is not entitled to a trial before a jury. Defendant reserves its right to move to strike and dismiss Plaintiff's request for a jury trial pending a finding by this Court that Defendants acted in good faith pursuant to 42 U.S.C. §1981a(a)(3).

Date: November 29, 2004

Respectfully submitted,

_____
Clifford R. Perry III, Attorney for Defendant

Clifford R. Perry III (06204955)
Joseph M. Gagliardo (00901989)
Devlin J. Schoop (06243835)
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)